# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES THOMPSON;<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., NBS DEFAULT SERVICES, LLC, and DOES 1-50 inclusive;<br><br>Defendants. | 1:16-cv-1101 AWI SAB<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>Doc. # 3 |

This is an action for damages, injunctive and declaratory relief by plaintiff Charles Thompson ("Plaintiff") who has alleged claims against defendants Wells Fargo Bank, N.A. and NBS Default Services (collectively, "Defendants") for violation of California Statutes protecting homeowner rights, California common law and the federal Truth In Lending Act. Plaintiff's complaint was filed in Fresno County Superior Court on June 22, 2016 and was removed to this court on July 28, 2016. Currently before the court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' notice of removal asserts both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to § 1332. Venue is proper in this court.

//

//

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's complaint alleges a total of seven claims for relief that arise from the foreclosure and sale by Defendants of property located in Fresno, California (hereinafter, "Property"). Plaintiff obtained a loan secured by the Property on or about September 17, 2007. Plaintiff's complaint is vague as to when or how he was informed that his mortgage was in default. He alleges that "on or about FEBRUARY 29, 2016, Defendants allege that Plaintiffs [sic] became in default of their loan. [. . .] However, the Declaration of Due Diligence that is required to be attached to the Notice of Default is missing pursuant to *California Civil Code* § 2923.5, therefore making the Notice of Default void." Doc. # 1-1 at ¶ 7.

Plaintiff's seven claims for relief arise out of the alleged violation of regulations contained in subsections 2923.5 and 2923.6 of the California Civil Code. These statutes establish both substantive and procedural standards relating to California's non-judicial foreclosure process. Plaintiff's individual claims for relief allege, in general, that Defendants' Notice of Default failed to meet certain statutory requirements and that the Defendant parties lacked legal status to declare default or to carry out a foreclosure sale on the Property. The seven claims for relief that arise out of Plaintiff's allegations are, in order: (1) violation of Civil Code § 2923.5; (2) fraud under California common law; (3) intentional misrepresentation; (4) violation of Civil Code § 2923.6; (5) violation of California Civil Code § 1572 (actual fraud in connection with a contract); (6) violation of Business and Professions Code § 17200; and (7) violation of the Federal Truth in Lending Act ("TILA").

Plaintiff's complaint was filed in this court on July 28, 2016. Defendants' motion to dismiss was filed on August 4, 2016. As of this writing no opposition has been filed by Plaintiff. The matter was taken under submission as of September 14, 2016.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,

533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

**DISCUSSION**

**I. Judicial Notice**

Defendants request that the court judicially notice a total of eight documents.  The documents are provided as exhibits to Defendants' request for judicial notice.  Docket Number 4.  Exhibit "A" is a copy of the mortgage note and exhibit "B" is the corresponding deed of trust.

Exhibits "C", "D", "E" and "F" are documents showing changes of identity of the original lender, World Savings Bank, which eventually merged into the current Defendant, Wells Fargo Bank. Exhibits "G" and "H" are Defendants' Notice of Default and Notice of Trustee's Sale that were recorded on February 29, 2016, and June 8, 2016, respectively.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' " Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir.2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.1994), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir.2002)). However, under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are either generally known or capable of accurate and ready determination. Id . at 688–90; Fed.R.Evid. 201(b). Under Federal Rule of Evidence 201, "a court may take judicial notice of 'matters of public record .' " Lee, 250 F.3d at 689 (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986)). A deed of trust is a document that is a matter of public record whose accuracy cannot be questioned. See, e.g., Thompson v. Residential Credit Solutions, No. CIV 2:11–2261 WBS DAD, 2011 WL 5877075, at *2 (E.D.Cal. Nov.22, 2011).

The court finds the documents for which Defendants request judicial notice are not subject to reasonable dispute and that judicial notice of those documents is appropriate. Defendants' request for judicial notice is therefore granted as to all listed documents.

**II. Statutory Authority**

A significant legal contention asserted by Plaintiff is that the procedural and substantive requirements that Defendants are required to meet in the foreclosure and sale of the Property are those that were in force at the time the mortgage and deed of trust were established; that is the statutes as they existed in February of 2007.  Specifically, Plaintiff bases his argument on the provisions of California Civil Code § 2932.5 as they existed in 2007.  Plaintiff offers no case authority for this proposition and, indeed, courts of this circuit have consistently relied on statutory authority relating to non-judicial foreclosure proceedings that was in effect as of the time of commencement of foreclosure proceedings.  See, e.g., Lizza v. Deutsche Bank Nat'l

Trust Co., 1 F.Supp.3d 1106, 1118 (D. Hawaii 2014) (explicitly applying state statute in force at the time of foreclosure).  The court agrees with Defendants that the procedural and substantive duties required in a non-judicial foreclosure proceeding are those expressed in statutes in effect at the time the foreclosure proceeding is commenced.  In any event, as Defendants point out, the provisions in force in 2007 that Plaintiff alleges Defendants have violated are not substantially different in the currently-operative statutes.

**III. Plaintiff's Substantive Arguments**

*A. Claim 1 – Technical Violations of Civil Code § 2923.5*

California Civil Code Subsection 2923.5 et seq. was amended in 2012.  The most notable change is that the term "mortgage servicer" is substituted as an inclusive term incorporating the original terms "mortgagee, trustee, beneficiary, or authorized agent."  Defendants point out that Subsection 2923.5 was subsequently superseded by the Home Owner Bill of Rights, enacted on January 1, 2013, Civil Code Subsection 2923.55.  As amended, Subsection 2923.5 is concerned primarily with the duty of the mortgage service to contact the homeowner, while Subsection 2923.55 is primarily concerned with the written information that a mortgage servicer is required to provide the homeowner prior to the commencement of foreclosure proceedings.  Whether or not some or all of Subsection 2923.5 was supplanted by Subsection 2923.55, the court agrees with Defendant that the provisions of Subsection 2923.55 are most relevant to Plaintiff's first claim for relief.

Pertinent to this action, Subsection 2923.55 imposes two substantive sets of requirement; the first set of requirements pertain to the information that must initially be provided by mail to the homeowner and the second set of requirements pertain to information that must be provided by the mortgage servicer to the homeowner in person or by telephone within 30 days of first notification by mail.  Plaintiff's complaint specifically alleges non-compliance with the requirements of Subsection 2923.55(b)(2), which provides as follows:

> A mortgage servicer shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.  During the initial contact, the mortgage servicer shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer

> shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

Id.

Plaintiff's first claim for relief alleges a total of four instances in which the terms of Subsection 2923.55(b)(2) were violated. First, Plaintiff alleges that the "Lender in this case did not provide a toll-free telephone number to Plaintiff. Plaintiff was never contacted to assess their financial situation and was not given any options in order to avoid foreclosure. Plaintiff would have requested a meeting at their home within 14 days if they had been advised of that option." Doc. # 1-1 at 6:6-10. At the outset, the court notes that Plaintiff's wording is ambiguous. Did "Lender" [Wells Fargo] contact Plaintiff and omit the above-mentioned elements or is it Plaintiff's allegation that "Lender" did not contact Plaintiff at all, or did Lender give a local number and inform Plaintiff that there were no options to avoid foreclosure, or some other possibility?

Exhibits "G" and "H" to Defendants' Request for Judicial Notice present Defendants' Notice of Default, and Notice of Trustee's Sale, respectively. Pertinent to this action, Exhibit "G" attaches a "Declaration of Compliance" signed by Defendant represented by a Vice President of Loan Documentation. The Notice of Compliance consists of four check-off boxes. These boxes represent the four statutory classifications of contact between the loan servicers and owners. These classification are; (1) personal contact, (2) no personal contact following due diligence or (3) and (4) a determination that the "borrower" or the loan in question does not fit within the statutory categories covered by Subsections 2923.5 and/or 2923.55. The option that is checked on the Declaration of Compliance is the first and states as follows:

> The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

...
...

Doc. # 4 at 43.  As far as the above-noted ambiguity in Plaintiffs' complaint is concerned, Defendants Declaration of Compliance is evidence to show that Defendants (or the loan servicer) *did* personally contact Plaintiff, did discuss Plaintiff's financial situation and *did* explore options to avoid foreclosure.  Thus, to the extent there is any allegation that Defendants technically violated the statute by failing to attach a "notice of due diligence" that claim is defeated because "due diligence" is only required in the absence of personal contact.  See Cal. Civ. Code § 2923.55(c) ("A notice of default recorded pursuant to Section 2924 shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by the section, *or* that not contact is required." (italics added)).

      Beyond the ambiguous nature of Plaintiff's claim, there is no indication of how the omission of information regarding a toll-free number or notice of right to a follow-up meeting was material to plaintiff.  As Defendants correctly note, Subsection 2924.12(a)(1) authorizes a party to bring an action to "enjoin a *material* violation of Section 2923.5." Id. (italics added).  Similarly, Section 2924.12 provides that a mortgage service "shall not be liable for any violation that it has corrected and remedied prior to the recordation of the trustee's deed upon sale." § 2924.12(c).  The court finds that Plaintiff's complaint fails to allege that any of the alleged infringements of Subsection 2923.55 resulted in harm to Plaintiff.  In particular, the crux of Plaintiff's first claim for relief appears to be that Defendant did not provide Plaintiff with an option for a follow-up meeting, a toll-free number to contact a HUD-approved Mortgage counselor, or information as to how to avoid foreclosure.  As Defendants point out, Plaintiff has failed to allege how the failure to provide a toll-free number deprived Plaintiff of an opportunity to avoid foreclosure that would otherwise have been available, nor does Plaintiff allege how a subsequent meeting that was allegedly not offered by Defendants would have had any impact on the course of foreclosure proceedings.  Finally, as Defendants point out, the statutory scheme for non-judicial foreclosure does not require that the homeowner be offered specific options to foreclosure, only that options to avoid foreclosure be explored.

      Plaintiff's final two contentions with regard to his first claim for relief are that the notice of default is invalid because the Declaration of Compliance was not signed with an "under

penalty of perjury" statement and because the Declaration does not contain a statement of personal knowledge by the declarant. The court agrees with Defendant that neither an "under penalty of perjury" statement nor a statement of personal knowledge are required by statute on a Declaration of Compliance. The court cannot impose requirements on a statutory scheme that are not required by the statutory scheme itself.

The court concludes that Plaintiff's first claim for relief fails to state a claim upon which relief can be granted because it fails to allege unambiguous facts to show that statutory requirements were violated or that Plaintiff was materially harmed by Defendants' conduct.

### B. Fraud-Related Claims; Claims 2, 3 and 5

Plaintiff's second claim for relief is apparently the primary fraud-based claim in the complaint inasmuch as it is the only claim that attempts to allege facts to support the claim. Claims 3 and 5 contain no alleged facts and simply make conclusory reference to the fraudulent nature of the loan documents. In addition, the court notes that Plaintiff's second claim for relief suffers somewhat from the same ambiguous pleading style as previously noted. As the court understands Plaintiff's claim, it is alleged that the "Defendant LENDER listed on the Notice of Default and Notice of Trustee's Sale are not the legal owners of the Note and Deed of Trust and were not at the time they will [sic] issue the notices and commenced [sic] the foreclosure process, notwithstanding the fact that the note was not negotiable and did not contain a valid poser of sale and also was void due to the missing/invalid Declaration of Due Diligence." Doc. # 1-1 at 1-6.

What the court deduces from Plaintiff's pleading and his subsequent reliance on Pribus v. Bush, 118 Cal.App.3d (4th Dist. 1981), is that Plaintiff is attempting to allege that Defendants lack authority to institute foreclosure proceedings because Defendants' names, Wells Fargo Bank or NBS Default Services, do not appear on either the Note or the Deed. The legal authority Plaintiff references implies that it is Plaintiff's contention that there was an improper or ineffective transfer or assignment of the Note and Deed of Trust to Wells Fargo and, as a consequence, the current Defendants cannot enforce the terms of either loan document.

Plaintiff's second claim for relief fails to state a claim upon which relief can be granted for at least two reasons.  First, although Plaintiff's complain leaves out the name of the original lender, it is clear from Defendants' motion and from the documents submitted for judicial notice that the loan in question was obtained originally from World Savings Bank, FBS.  The documents noticed by the court reflect the change of identity of World Savings Bank to Wachovia Mortgage, FBS, and the eventual merger of Wachovia Mortgage into Wells Fargo Bank.  Plaintiff does not actually allege that there ever was a transfer or assignment of the Note and Deed of Trust, he merely alleges that the names of the original lender and the current "LENDER" are different.  No facts are alleged to indicate there was ever anything other than a sequence of name changes of the original lender.  Since there is no evidence of assignment or transfer of the Note or Deed of Trust, the authority cited by Plaintiff, Pribus v. Bush, has no relevance to the facts of this case.

Second, even if there had been evidence of a transfer or assignment of either or both the Note and/or the Deed of Trust, Plaintiff would lack standing to challenge the authority of Defendants to foreclose on the Property.  Courts in this circuit have consistently held that "borrowers who were not parties to the assignment of their deed—and whose rights were not affected by it—lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment." Marques v. Fed. Home Loan Mortg. Corp., No. 12–cv–1873–IEG, 2012 WL 6091412, at *4 (S.D.Cal. Dec.6, 2012).  Since Plaintiff has not alleged any right under the original Note and/or Deed of Trust that has been violated, he lacks standing to challenge the authority of any party to enforce the terms of those loan documents.

Plaintiff's allegations of fraud and the related claims of filing a false document and intentional misrepresentation are all predicated on Plaintiff's contention that Defendants represented themselves as having authority to institute foreclosure proceedings under the Note and Deed of Trust when they did not, and that they filed documents, including the Notice of Default and Notice of Trustee's Sale, representing that they were legally effective when they were not.  Since the court finds that Plaintiff has failed to allege facts that would show that

Defendants lacked power under the Note and Deed of Trust to institute foreclosure proceedings, the necessary element of falsity is absent from each of Plaintiff's fraud-related claims. Therefore, the court finds that Plaintiff's second third and fifth claims for relief fail to state claims for which relief can be granted and that dismissal is therefore appropriate.

### C. Fourth Claim for Relief – Violation of Cal. Civ. Code § 2923.6

Plaintiff's fourth claim for relief alleges that Defendant's failure to offer a loan modification plan in lieu of commencing foreclosure proceedings violates the policy purposes of California's non-judicial foreclosure statutes as set forth in Civil Code §2923.6, which provides, in pertinent part:

> The legislature finds and declares that any duty mortgage servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool [. . .] and that a mortgage servicer acts in the best interests of all parties in the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification workout plan for which both the following apply:
>
> [¶]
>
> 2. Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

Cal. Civ. Code § 2923.6(a) and (a)(2).

Plaintiff's fourth claim for relief fails for two reasons.  First, Plaintiff has failed to allege facts to show the existence of a pooling or servicing agreement.  Second, and more important, it is well established in this circuit that if any duty is created by this section, it is a duty imposed on mortgage services for the benefit of investors.  See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009) ("The Court finds that § 2923.6 does not create a cause of action for Plaintiff.  Section (a) applies only to servicers and parties in a loan pool. § 2923.6(a).")  Plaintiff's fourth claim for relief fails because Plaintiff has failed to allege any facts to show that Section 2923.6 bestows any rights on Plaintiff that have been violated.  Plaintiff's fourth claim for relief will therefore be dismissed.

//

//

### D. Plaintiff's Seventh Claim for Relief – Violation of Federal Truth In Lending Act

Plaintiff alleges Defendants violated the Federal Truth In Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") by failing "to include and disclose certain charges in the finance charge shown on the TIL statement, which charges were imposed on plaintiffs incident to the extension of credit to the Plaintiffs and were required to be disclosed pursuant to 15 U.S.C. [§] 1605 and Regulation Z [§] 226.4, thus resulting in an improper disclosure of finance charges [. . . .]" Doc. # 1-1 at 19:9-13.  Plaintiff's complaint does not specify the "certain charges" referenced nor is any TIL disclosure document to be found among the documents available to the court. Plaintiff's seventh claim for relief is therefore merely a conclusory statement with no supporting facts and, as such, is insufficient to state a claim.

Further, an action for rescission of the loan agreement is subject to an absolute 3-year limitations period pursuant to 15 U.S.C. § 1635(f).  An action for damages is subject to a one-year limitations period pursuant to Section 1640(e).  Although there is some uncertainty as to when this limitations period begins, see Katz v. Bank of California, 640 F.2d 1024, 1025 (9th Cir.), Plaintiff's claim gives the court no basis upon which it could find that this action has been filed within the one-year limitations period for damages or within the three-year limitations period for an action for rescission.  The court therefore concludes that Plaintiff's seventh claim for relief fails to state a claim upon which relief can be granted.

### E. Plaintiff's Sixth Claim for Violation of Cal. Bus. & Prof. Code § 17200

California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200-17209, provides a private cause of action for any act or practice "that can properly be called a business practice and is at the same time forbidden by law." Farmers Ins. Exch. v. Superior Court, 2 Cal.4th 377, 395 (1992) (internal quotation marks omitted).  Although California's UCL defines unfair competition broadly and provides a private cause of action even if the underlying predicate statute does not, see Chabner v. United of Omaha Life Ins., 255 F.3d 1042, 1048 (9th Cir. 2000), a claim under this statute cannot stand unless a *violation* of some other law can be alleged.  Since the court has found that none of Plaintiffs claims for relief allege claims for

which relief can be granted, Plaintiff's claim for violation of California's UCL must also be dismissed.

THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that Defendants' motion to dismiss Plaintiff's complaint is GRANTED.  Plaintiff's complaint is hereby DISMISSED in its entirety as to all Defendants without prejudice.  Any amended complaint shall be filed and served no later than twenty-one (21) days from the date of service of this order. If no amended complaint is filed within this time period, Defendants shall so notify the court and move for entry of judgment.

IT IS SO ORDERED.

Dated:   October 12, 2016                                                                                 
                                                            SENIOR  DISTRICT  JUDGE